UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Flexsys Americas, LP | ) | CASE NO. 5:05 CV 156 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Kumho Tire, U.S.A., Inc., et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Kumho Tire U.S.A., Inc., Kumho Tire Co., Inc. and

Korea Kumho Petrochemical Co., Ltd.'s Motion to Stay (Doc. 18). Sovereign Chemical

Company filed notice of Joinder in Kumho Defendants' Motion to Stay. Also before the Court is

Sinorgchem's Motion to Stay (Doc. 20). This is an action for patent infringement. For the

reasons that follow, the motions are GRANTED.

**FACTS**

Plaintiff, Flexsys Americas LP, filed this patent infringement action against defendants,

1

Kumho Tire, U.S.A, Inc. (hereafter "Kumho USA"), Kumho Tire Co., Inc. (hereafter "Kumho Korea"), Korea Kumho Petrochemical Co., Ltd. (hereafter "KKPC"),  Sovereign Chemical Company (hereafter "Sovereign") and Sinorgchem Co. (hereafter "Sinorgchem").

According to the complaint, plaintiff is the beneficial owner of U.S. Patent No. 5,117,063 ('063 Patent), U.S. Patent No. 5,608,111 ('111 Patent), U.S. Patent No. 5,453,541 ('541 Patent) and 6,140,538 ('538 Patent).  These patents cover certain processes for making the chemical compound 4-ADPA and its alkylated derivatives, including 6PPD.  (Compl. ¶ 1).  These compounds are contained in nearly every tire sold in the United States.  (Comp. ¶ 2).

Plaintiff alleges that each defendant infringes its patents, albeit in different contexts. According to plaintiff, Sinorgchem actually manufactures 4-ADPA and 6PPD by utilizing the processes covered by plaintiff's patents.  (Compl. ¶ 9).  Plaintiff further alleges that, in concert with Sinorgchem, defendant KKPC purchases 4-ADPA from Sinorgchem and alkylates the compound into 6PPD.  (Compl. ¶ 23).  Kumho Korea and Kumho USA do not manufacture either compound but, instead, import tires into the United States that contain 6PPD.  (Compl. ¶¶ 32, 39).  Sovereign Chemical is alleged to have infringed plaintiff's patents by importing 6PPD made by a process covered by one or more of the patents at issue.

Shortly after plaintiff filed this lawsuit, it filed a complaint with the United States International Trade Commission (hereafter "ITC") against, among others, Sinorgchem, KKPC and Sovereign Chemical.  Plaintiff, however, did not name Kumho USA or Kumho Korea as defendants in the ITC action.  The ITC complaint asserts patent infringement claims with respect to three of the four patents at issue in this lawsuit.  The only patent not subject to the ITC action is the '541 patent.  On March 23, 2005, the ITC instituted a formal investigation into plaintiff's

2

allegations.  All defendants now seek a stay of this action pending the conclusion of the ITC

proceedings.  Plaintiff opposes defendants' motions.

### **ANALYSIS**

As an initial matter, Sinorgchem, Sovereign Chemical and KKPC argue that they are

entitled to a mandatory stay pursuant to 28 U.S.C. § 1659(a) with respect to the '063 Patent, the

'111 Patent and the '538 Patent, which are the three patents at issue in the ITC investigation.

Section 1659(a) provides, in relevant part,

> In a civil action involving parties that are also parties to a proceeding before the United
> States International Trade Commission...at the request of a party that is also a respondent
> in the proceeding before the Commission, the district court *shall* stay, until the
> determination of the Commission becomes final, proceedings in the civil action with
> respect to any claim that involves the same issues involved in the proceeding before the
> Commission....

28 U.S.C. § 1659(a) (emphasis added).

Plaintiff does not dispute that these defendants are entitled to a stay.  Based on the

mandatory nature of the stay provision, the Court hereby stays this action as to Sinorgchem,

Sovereign Chemical and KKPC with regard to the '063 Patent, the '111 Patent and the '538

Patent.

Sinorgchem, Sovereign Chemical and KKPC also ask this Court to invoke its

discretionary power to stay plaintiff's claim of infringement vis à vis the '541 Patent.  According

to these defendants, adjudication of this patent will involve the same facts and issues facing the

ITC with respect to two of the three patents before it.  According to defendants, the '541 Patent is

a member of the same patent family as the '063 and '111 patents.  Defendants argue that nearly

all of the important claim terms found in the '541 Patent will necessarily be construed by the ITC

because those terms also appear in either the '063 Patent of the '111 Patent.  As a result, defendants claim that resolution of plaintiff's claims with respect to the '541 Patent will involve the same claim construction, validity, infringement and inventorship issues.  In addition, the witnesses and discovery necessary to analyze this patent will overlap extensively with the discovery that will be conducted before the ITC.

According to plaintiff, a stay of this case is not warranted with respect to the '541 Patent. Plaintiff points out that it does not intend to duplicate any discovery that will be conducted before the ITC and further indicates that the discovery taken in the ITC action will be fully available for use in this case.  In addition, plaintiff argues that this Court's resources will not be wasted because the Court will not be required to make any substantive rulings until after the ITC's decision is issued.  Moreover, any claims construction or other rulings made by the ITC are not res judicata and, as such, this Court will be required to engage in its own analysis on these issues.  According to plaintiff, by permitting discovery into the '541 Patent to proceed simultaneously with the ITC action, this case can be resolved shortly after the ITC concludes its investigation.  As such, this case will be concluded within the 24-month period set for complex cases.  Plaintiff further points out that the scope of the two proceedings is different in that the ITC cannot award damages or issue an injunction to the same extent as an Article III court.

Upon review of the parties arguments, as well as the relevant law, the Court finds defendants' argument to be well taken.  It is well settled that this Court possesses the power to grant a discretionary stay if the circumstances warrant.  *Landis v. North American Co.*, 299 U.S. 248 (1936).  "...[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

4

for counsel, and for litigants." *Id*. at 254. "A district court has discretion to determine whether a stay is necessary to avoid piecemeal, duplicative litigation and potentially conflicting results." *International Brotherhood of Electrical Workers, Local Unio No. 2020 v. AT&T Network Systs.*, unreported, 879 F.2d 864 (6th Cir. July 17, 1989). "[T]he burden is on the party seeking the stay to show...[a] pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. United States Dist. Ct., Southern Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977).

Although no court in the Sixth Circuit has addressed the precise issues presented by defendants' motion, the Court finds *Alloc, Inc. v. Unilin Decor N.V.*, 2003 WL 21640372 (D. Del. July 11, 2003) instructive. In *Alloc*, plaintiff filed a patent infringement action with respect to one patent, which was the latest in a series of continuation patents. The earlier patents were the subject of an ITC investigation. Plaintiff argued that a stay was inappropriate because the specific patent at issue in the lawsuit was not before the ITC. The court rejected plaintiff's argument, noting that, by nature, continuation patents overlap considerably with each other. Specifically, the court noted,

> ...[P]laintiffs cannot credibly argue that the patents are not alike in subject matter, as well as in many of their claims. This is so because, in general, 'a continuing application is one filed during the pendency of another application which contains at least part of the disclosure of the other application and names at least one inventor in common with that application.' Therefore, even though the [patent at issue in the lawsuit] does not contain precisely the claims of the other patents that are under review or reexamination, there is a sufficient correlation among all of the patents for the court to conclude that a stay is appropriate.

*Id*. at *2 (citations omitted).

The court further noted that it would benefit greatly from the narrowing of complex

5

issues related to the claims.  In addition, the court relied on the fact that the parties had not yet incurred substantial litigation expenses.[1]

Like the Court in *Alloc*, this Court finds that Sinorgchem, Sovereign Chemical and KKPC are entitled to a stay of the proceedings with regard to the '541 Patent.  The '541 Patent is part of a series of continuation patents, which includes both the '063 Patent and the '111 Patent.  As defendants point out, many of the claims contained in the '541 Patent that will require construction in this case are present in either the '063 or '011 patent.  As part of its investigation, the ITC will make rulings concerning claims construction, invalidity and relevant prior art.  This Court recognizes that it is not bound by the rulings made by the ITC.  As in *Alloc*, however, the Court finds that it would benefit tremendously from a narrowing of the complex issues in this case.  It is more than likely that after the ITC ruling, the parties in this case will have fewer issues for this Court to resolve.

Moreover, the Court finds that plaintiff will not be prejudiced by a stay of this case.  It is entirely unclear to this Court why plaintiff would opt to pursue only two of the three continuation patents before the ITC, other than in an attempt to avoid the mandatory stay requirements of 28 U.S.C. § 1659(a).  Plaintiff indicates in its brief in opposition that it will be harmed by a stay of

---

[1]     Plaintiff attempts to distinguish *Alloc* on the basis that one of the patents at issue was subject to a reexamination proceeding before the Patent Office and the ITC ruling was pending before the Federal Circuit Court of Appeals.  In addition, unlike the instant action, the lawsuit in *Alloc* was filed after the ITC proceeding was instituted.  The Court does not believe that these minor differences affect the persuasiveness of *Alloc*.  Nor is this Court compelled to follow *Mircon Tech., Inc. v. Mosel Vitelic Corp.*, 1999 WL 458168 (D. Idaho March 31, 1999), the case primarily relied on by plaintiff.

6

this action because the damages portion of the trial will be delayed while defendants continue to

infringe the patents and because "delay always results in increased costs."  The Court is not

convinced of the gravity of plaintiff's alleged prejudice. On the other hand, the Court finds that

requiring defendants to litigate both this case and the ITC action at the same time will result in

prejudice.  As set forth above, the majority of this case against these defendants is subject to a

statutory stay.  In the event this Court were to allow the case to proceed only with respect to the

'541 Patent, this case would essentially be relitigated after the lifting of the mandatory stay.

Much of the discovery related to this patent will overlap with that required to litigate the other

patents at issue.  Thus, two rounds of discovery would ensue absent a stay.[2]  Although plaintiff

indicates that it will not seek additional discovery, the same cannot be said of all of the parties in

this case.  Certainly, as set forth more fully below, Kumho USA and Kumho Korea will seek

discovery as to the patents at issue before the ITC.  Because plaintiff did not name them as

defendants in the ITC proceeding, they will be unable to participate in discovery until after this

Court lifts the automatic stay.  In addition to compounding the written discovery, this would

result in redeposing many witnesses[3] and requiring the parties to appear for at least twice as many

---

[2]    Even accepting as true plaintiff's statement that no discovery will
       be duplicated, the Court finds that imposition of a discretionary
       stay will not cause plaintiff undue hardship.  The '541 Patent is a
       member of the same patent family as the '063 and the '111 patents
       and the Court cannot imagine that a great deal of additional
       discovery will be necessary to analyze the '541 Patent after the ITC
       ruling is issued.  Thus, if plaintiff is correct, and no party seeks
       discovery in regards to the patents at issue before the ITC, only a
       minimal delay will occur in this action.

[3]    For example, in a continuation patent there is at least one inventor
       in common with the prior application.  Because of the statutory
       stay, this individual could not be questioned with regard to either

hearings and conferences.  Given that two of these defendants are located in Asia, the Court finds

that requiring this case to proceed only with respect to the '541 Patent would create an undue

burden on defendants.

In addition, the Court finds that a temporary stay will result in a tremendous savings of

judicial time and resources.  Absent a stay, the Court will hold status conferences and hearings

and address discovery disputes only to be faced with many of these same issues after the stay is

lifted.  In all, the Court finds that the balance of interests weighs in favor of granting a stay with

regard to the '541 Patent.

For these same reasons, the Court finds that a stay with regard to Kumho USA and

Kumho Korea is also warranted.  Although these defendants are not parties to the ITC action, the

Court finds that allowing this case to proceed against only these defendants makes little sense.

As these defendants point out, they are not primary infringers.  Rather, plaintiff alleges that

Kumho USA and Kumho Korea import tires containing products that were manufactured by

other defendants who used an infringing process.  Having concluded that a stay of this matter is

appropriate as to the primary infringer(s), the Court finds that requiring Kumho USA and Kumho

Korea to defend this action absent the primary infringer(s) would result in unfair prejudice to

defendants.  Once the stay is lifted, all of the issues will be relitigated.  Perhaps even more

important, it would be impossible for this Court to resolve the patent infringement claims filed

against these defendants absent the primary infringer(s) because the patents at issue are process

---

the '063 Patent or the '111 Patent until after the stay is lifted.  If
this Court allowed the case to proceed only as to the '541 Patent,
this individual would be required to appear at least twice for
depositions.  The Court presumes other witnesses would face a
similar fate.

8

patents.  Kumho USA and Kumho Korea are not alleged to infringe the patent by employing the covered processes themselves.  Rather, they import tires allegedly containing materials other defendants manufacture in violation of the patents.  As such, in order to determine whether Kumho USA and Kumho Korea are liable in this case, it is necessary to discover the process employed by the primary infringer(s) in creating the 6PPD contained in the tires they import.  It will be impossible, however, for these defendants to obtain the discovery necessary to defend themselves against the majority of the claims asserted by plaintiff until after the mandatory stay is lifted.[4]  For this reason, and those stated above, the Court finds that a stay is warranted as to Kumho USA and Kumho Korea.

### **CONCLUSION**

For the foregoing reasons, Kumho Tire U.S.A., Inc., Kumho Tire Co., Inc. and Korea Kumho Petrochemical Co., Ltd.'s Motion to Stay are GRANTED.  In addition, Sinorgchem's Motion to Stay is GRANTED.  This case is hereby perpetually stayed.  Upon the conclusion of the ITC proceeding, any party may move to reopen this case.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/29/05

---

[4]     The Court rejects plaintiff's suggestion that these parties would not require additional discovery because they have the same attorneys as KKPC.  For obvious reasons, this Court could not preclude Kumho USA and Kumho Korea from seeking additional discovery upon the lifting of the mandatory stay.