**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Flexsys Americas LP** | ) | **CASE NO. 1:05-cv-156** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Kumho Tire U.S.A., Inc.,** | ) | |
| **Kumho Tire Co., Inc.,** | ) | **Memorandum Opinion and Order** |
| **Sovereign Chemical Co.,** | ) | |
| **Korea Kumho Petrochemical Co., LTD,** | ) | |
| **Sinorgchem Co.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

Plaintiff Flexsys America LP ("Flexsys") has filed a Motion for Separate Briefing

Schedule and Ruling on the Waiver Issue Set Forth in its Motion for a Preliminary Injunction

and for Stay of Certain Discovery (Doc. 89).  Defendants Kumho Tire U.S.A. ("Kumho USA"),

Kumho Tire Co., Inc. ("Kumho Korea" ) and Korea Kumho Petrochemical Company ("KKPC")

have filed a Motion to Compel Production of Documents and Witnesses from Plaintiff Flexsys

(Doc. 95).  For the reasons that follow, the motion of Flexsys is DENIED and the motion of the

1

Kumho defendants is GRANTED in Part.

**<u>DISCUSSION</u>**

This action is but the latest step in an ongoing series of legal proceedings pitting Flexsys against Kumho USA, Kumho Korea, KKPC and Sinorgchem Co. ("Sinorgchem").  In May 2004, Flexsys sued KKPC in Korea on allegations that KKPC infringed certain Korean patents.  A suit based on related United States patents was then filed in this Court in April 2005, followed shortly thereafter by a complaint with the International Trade Commission against Sinorgchem, KKPC and Sovereign Chemical Company ("Sovereign").  The Court then stayed this action pending the outcome of the ITC proceedings.  While this action was stayed KKPC filed a complaint in the Central District of California, based in part on allegations that a lawsuit for patent infringement was in derogation of a license between KKPC and Monsanto, one of the companies that spun off to create Flexsys.  The KKPC action was transferred to this Court and the ITC proceedings were concluded, which resulted in this Court granting Flexsys's motion to reopen the case on August 10, 2006.  (Doc. 34, 59).  On September 18 KKPC served Flexsys and related Flexsys companies  with a notice of arbitration.

Flexsys responded by amending its Complaint[1] and filing a motion for a preliminary injunction to enjoin KKPC from proceeding with the arbitration.  (Doc. 75).  The memorandum in support of the motion for preliminary injunction proffers two main arguments.  The first, referred to as the party issue, argues that Flexsys was not a party to and cannot be bound by the Monsanto-KKPC agreement to arbitrate.  The second, referred to as the waiver issue, argues that

---

[1]      The First Amended Complaint dropped certain patents from the lawsuit and no longer states any claims against Sovereign.  (Doc. 65, 85).

2

KKPC has waived its right to arbitrate any claims against Flexsys by litigating the Korea, ITC and California actions.

The motion for preliminary injunction was filed on October 10, but KKPC has not yet filed a substantive response.  It has filed a number of unopposed motions to extend the time for its response in light of discovery it deems necessary to fully respond to the party issue. Following a number of extensions and because of the focus of discovery on the party issue, Flexsys filed its motion for a separate briefing schedule and ruling on the waiver issue. (Doc. 89).  Flexsys argues that the Court should decide the largely legal issue of waiver before addressing the party issue, as this could avoid a fact-intensive issue and related discovery. KKPC then filed its motion to compel Flexsys to provide documents and witnesses necessary to respond to Flexsys's preliminary injunction motion.  (Doc. 95).  The two motions are necessarily related.  Flexsys's argument is based in large part on the allegedly burdensome nature of the discovery sought by KKPC.

The party dispute centers on whether Flexsys is bound by a Monsanto-KKPC agreement to arbitrate.  The Monsanto-KKPC agreement was part of a 1987 joint venture to form a Korean rubber chemicals joint venture named Kumho-Monsanto, Inc. ("KMI").  Flexsys was created in 1995 as a joint venture between Monsanto and Akzo Nobel Chemical Company.  The goal was to transfer all of Monsanto's rubber chemicals division and assets to Flexsys.  However, KKPC refused to allow Monsanto to transfer its share of KMI to Flexsys.  The joint venture was finally terminated in 2001 when Monsanto sold its share of KMI to KKPC.

KKPC posits various theories as to how Flexsys might be bound to the arbitration agreement as a nonsignatory, such as agency or estoppel.  *See, e.g., Javitch v. First Union*

3

*Securities, Inc.*, 315 F.3d 619, 629 (6th Cir. 2003).  It points to correspondence from the late 1990s indicating that Flexsys considered Monsanto to be holding the KMI shares in trust for the ultimate benefit of Flexsys.  Flexsys documents also indicate that any proceeds from the sale of KMI would be shared by the Flexsys joint venture partners (Monsanto and Akzo).  KKPC also directs the Court to various actions of Flexsys while KMI was a going concern that indicate that Flexsys was carrying out Monsanto's duties under the joint venture.  As the new owner of Monsanto's rubber chemical assets and know-how, Flexsys allegedly stepped into the shoes of Monsanto, thus supporting KKPC's agency theory.

The discovery requests at issue are from the Kumho defendants' First and Second Requests for Production of Documents.  They now argue that six categories of documents have not been produced: 1) minutes of Flexsys Supervisory Board Meetings; 2) documents relating to the allocation or accounting of income or money (including dividends) from KMI or as a result of Monsanto/Solutia's interest in KMI, including to whom the proceeds of the sale of Monsanto/Solutia's interest in KMI were ultimately paid; 3) documents reflecting payments between Flexsys and Monsanto for services and/or personnel supplied to KMI; 4) documents reflecting any invoices from Flexsys or payments to Flexsys for the technical services it provided to KMI; 5) organization charts reflecting who managed and controlled each of the Flexsys entities; and 6) all Flexsys documents involving KMI.

The Court rejects, at the outset, Flexsys's argument that the enumerated matters are not relevant to the arbitration dispute.  It appears that Flexsys, as successor to Monsanto's rubber chemicals business, at least attempted to play a role in the operation of KMI and to receive proceeds from Monsanto's interest in KMI.  The extent to which it was successful is directly relevant to the Kumho defendants' nonsignatory arbitration theories.  The six disputed categories

4

of documents, in turn, are all narrowly tailored to fleshing out whether Flexsys was actually involved or profited from the operations of KMI.  Accordingly, these matters fall easily within the broad concept of relevance contemplated by the federal rules.[2]

As for the actual documents, Flexsys responds that it has either produced all of the documents at issue or that no such documents exist.  At the same time, its explanation of its electronic discovery efforts is lacking.  It argues that it "has produced a substantial amount of electronic discovery in the ITC action and in this case," but has only searched the files of one individual relevant to the arbitration issues.  Indeed, the Kumho defendants have been able to identify documents and testimony that indicate that other relevant documents exist.  Flexsys protests that a systematic electronic search for documents would be expensive and could not be completed in the limited time frame appropriate for resolution of its motion.  It also protests that KKPC has refused to supply any electronic discovery and that the parties have not yet reached a conclusion as to the appropriate bounds of electronic discovery in this case.[3]

The Court finds that a compromise solution is appropriate.  The Court recognizes the burden of searching through years of electronic files for a large corporate entity.  Moreover,

---

[2]     Flexsys also argues that because it was not a signatory to the arbitration agreement, such discovery is unduly burdensome. Based on the Court's conclusion that the matters are relevant to the Kumho defendants' nonsignatory theories, this argument also fails. The other relevant concerns under Rule 26(g)(2)(C) do not work in Flexsys's favor either, since the amount in controversy is significant and this case is on the complex track.  Finally, Flexsys complains that KKPC has failed to respond to its discovery requests.  The answer to improper discovery conduct (if any exists) is not self-help.

[3]     In other words, the parties have not yet reached any agreement on the scope of electronic discovery as contemplated by recent revisions to the federal rules.

5

Flexsys has provided significant discovery through earlier production and recent depositions to allow the Kumho defendants to support their opposition.  Thus, further discovery will be limited to the files (electronic or otherwise) of those individuals most likely to have information relevant to the arbitration issues.  KKPC has documents and deposition testimony available to determine which individuals' files it would like searched for information that falls within the six categories above.  The Court holds that KKPC may choose up to 10 individuals whose files they would like searched.  This designation must be made by noon on Friday, December 8.  The Court expects Flexsys to respond by producing relevant materials on a rolling basis as they are found with all documents to be produced by Monday, December 18.  The Kumho defendants are granted a final extension on their opposition brief to Friday, December 22.

The Kumho defendants also seek to depose a number of individuals, including Jerome Crowley, Dennis Hays, Francis Reining, Conrad Kent, Ian Kirkwood, Joachim Reinart, two Monsanto employees, and a 30(b)(6) representative from Flexsys.  This issue has largely been rendered moot, as the parties have agreed to a schedule for all but two of the potential deponents.  However, the two remaining deponents—Joachim Reinart and Conrad Kent—are admittedly not Flexsys employees or otherwise under the control of Flexsys.  Reinart is a former Flexsys employee while Kent worked for Akzo.  The Court cannot compel these nonparty deponents to testify in the absence of a subpoena.[4]  In light of the fact that the Court is granting the Kumho defendants an extension to December 22, they should have ample time to conduct the depositions

---

[4]    Flexsys has acted professionally in attempting to schedule these individuals for depositions, and cannot be faulted for their unavailability.  The Court of course expects Flexsys to continue to cooperate to provide these depositions prior to the due date for the preliminary injunction opposition brief.

6

at issue.

Moving to Flexsys's request to brief the waiver issue separately, the Court finds that separate briefing is unnecessary.  Although the Court agrees that the waiver issue would be dispositive of whether Flexsys is required to arbitrate, this fact does not require the Court to sever this issue from the remainder of the lawsuit.  *See, e.g.,Vivid Techs., Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) (describing a district court's "broad powers of case management" regarding when a "court may stay discovery concerning other issues until the critical issue is resolved"); *Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas*, 421 F.3d 314, 327 (5th Cir. 2005) ("We review a decision to stay discovery pending resolution of a dispositive motion for an abuse of discretion.").  Here, Flexsys's proposed cure (expedited briefing on the waiver issue) is worse than the purported disease (delays in reaching the merits of this suit).  The waiver issue would not be decided until after complete briefing and at least some time for the Court to make a decision.  If the Court does not resolve the waiver issue in Flexsys's favor, discovery will have to be reopened and further rounds of briefing will be required on the party issue.  Moreover, allowing events to follow their normal course will resolve all arbitration issues in short order in any event.  The Court has resolved the remaining discovery disputes and expects the parties to conclude discovery on the party issue and file their briefs on all issues in a timely manner.  This is the most expeditious path to a final decision on the arbitration issue.

### **CONCLUSION**

For the foregoing reasons, the Court DENIES the motion of Flexsys and GRANTS in Part the motion of the Kumho defendants.

7

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated:  12/6/06

8