IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FLEXSYS AMERICA LP, | ) | CASE NO.: 5:05-CV-156 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | Magistrate Judge Vecchiarelli |
| v. | ) | |
| | ) | |
| KUMHO TIRE U.S.A., INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED STIPULATION AND  PROTECTIVE ORDER

The parties have informed the Court that a substantial number of confidential documents have been produced by Flexsys America LP ("Flexsys"), Sinorgchem Co., Shandong ("Sinorgchem"), and Korea Kumho Petrochemical Co., Ltd. ("KKPC") in two U.S. International Trade Commission actions: (1) *In the Matter of Certain Rubber Antidegradants, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-533 (U.S. Int'l Trade Comm'n 2006); and (2) *In the Matter of Certain Rubber Antidegradants,Antidegradant Intermediates, and Products Containing Same*, Inv. No. 337-TA-652 (U.S. Int'l Trade Comm'n 2008), (hereafter "the ITC actions") under protective orders which restricted access to such documents to trial counsel and independent experts.

The documents and other information produced in the ITC actions include trade secrets or other confidential research, development or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c).

The parties have stipulated that documents produced by the parties in the ITC actions may be used as if they were produced in this case for the preparation and conduct of the

proceedings, each party reserving its right to challenge the admissibility or authenticity of any such document.

The parties intend to take further discovery, which is likely to result in the production of documents and other information containing trade secrets or other confidential business information, such as research, technical specifications, non-public financial information, among others.

Because the parties have informed the Court that documents contain trade secrets and other confidential business information, the Court finds that good cause exists for entering a protective order in this case.

Accordingly, it is HEREBY ORDERED that:

## PROCEDURES REGARDING CONFIDENTIAL INFORMATION

1.     This Stipulation and Order ("Order") shall govern the disclosure of confidential information in this litigation by the undersigned parties or any future signatory to this stipulation (collectively, the "Parties"). "Information" shall include communications and recordings contained in testimony, documents as defined by Fed.R.Civ.P 34(a), exhibits, pleadings, discovery responses, and all other mediums of expression.

2.     A Party or Non-Party may designate as "Restricted" or "Attorneys Eyes Only" Information (collectively "Confidential Information") which it believes constitutes, reflects, contains or otherwise discloses trade secrets or other non-public confidential research, development, or commercial information within the scope of Fed.R.Civ.P. 26(c)(7). Any Party or Non-Party who designates Confidential Information pursuant to this Order shall be deemed the "Designating Party." In addition, any Party may, in advance, designate places or things subject to a discovery request for inspection or production pursuant to this Order by

2

informing counsel for the inspecting party in writing, prior to such inspection, that such Confidential Information shall be deemed subject to this Order.

3.      Information may be designated "Restricted" if the Designating Party believes in good faith that it contains, reflects or discloses the following: (a) material non-public insider information, confidential and/or commercially sensitive or proprietary information; (b) personnel files; (c) information that a Party is under a duty to preserve as confidential under a court or administrative order, by agreement with or obligation to a third person; or (d) other information which the Designating Party believes in good faith must be maintained in confidence to protect its business or commercial interests.

4.      If the Designating Party believes in good faith that Confidential Information has such sensitivity and is of such a proprietary nature that it requires even greater restrictions than what is already provided in Paragraph 3, the Designating Party shall produce the material (hereafter "Attorneys' Eyes Only Information") to outside litigation counsel for the Receiving Party, who shall maintain such material in confidence and not disclose such Information except as otherwise provided herein.  The "Attorneys Eyes Only" designation is presumptively appropriate for commercially sensitive competitive information that the producing party maintains in confidence and which would likely cause harm to the competitive position of the producing party if disclosed, including (1) trade secrets pertaining to the non-public scientific research, the parties' processes for producing 4-ADPA, 6PPD or any other intermediate or final products; (2) trade secrets pertaining to marketing plans or customer identities; (3) trade secrets pertaining to financial information, such as sales, pricing, direct production costs, overhead costs, variable costs, costs of materials, costs of labor, margins, financial results, and the like; (4) future products or processes not currently utilized or

3

released; (5) strategic plans, or (6) information obtained from a nonparty pursuant to a Nondisclosure Agreement.  Other information, not specifically itemized above, that the parties treat as trade secret information may also be designated "Attorneys Eyes Only."

5.  If, after the production of "Restricted" or "Attorneys' Eyes Only" Information, a party objects to such designation, the objecting Party shall promptly notify counsel for the Designating Party.  The Parties shall then meet and confer to discuss the objections.  If no informal resolution can be reached within 7 days of the production of Confidential Information, or at a time agreed upon by the parties, the objecting party shall bring the matter to the Court's attention for resolution.

6.  Documents produced in the ITC Actions, including deposition testimony and trial testimony, which were marked on their face with the legends: "CONFIDENTIAL" or "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or otherwise designated confidential (hereinafter "ITC Confidential Documents"), shall be treated as "Attorneys Eyes Only" under this Order.  The parties who produced ITC Confidential Documents (the "ITC producing party") shall be under no duty to make wholesale re-designations of such documents under this Order.  In the event that a non-disclosing party requests that a selective group of ITC Confidential Documents be re-designated as Restricted pursuant to this Order, such non-disclosing party shall serve such request in writing and the ITC producing party shall have 7 calendar days to respond to such request.  Following such 7 day period, if there is disagreement as to such request, the parties shall confer in good faith, as is required for discovery motions, and in the event that

4

such disagreement cannot be resolved, the non-disclosing party shall bring the matter to the Court's attention for resolution.

7.    In the production of documents or responses to discovery by any Party hereto, Confidential Information shall be designated pursuant to this Order by marking or stamping each document in which such confidential Information is contained. Such marking shall be made prior to the transmission of a physical copy of such document to the Party requesting such document or response, and shall be in substantially the following form:

**"RESTRICTED INFORMATION**

**SUBJECT TO PROTECTIVE ORDER"**

or

**"ATTORNEYS' EYES ONLY INFORMATION**

**SUBJECT TO PROTECTIVE ORDER"**

The documents produced and stamped in the ITC Actions do not need to be re-stamped for purposes of this action.

8.    a. <u>Access to Restricted Information.</u>  Except as may be otherwise provided by this Order or any amendment thereto (including paragraph 8) or by further order of the Court, access to Restricted Information shall be limited to:  (1) the Court and its officers and employees; (2) court reporters, stenographers and/or videographers at depositions, hearings or other proceedings in this litigation; (3) outside attorneys associated with the law firms that are attorneys of record in this litigation and in-house counsel for the parties, including the secretarial, legal assistants and office staffs of such attorneys; (4) persons engaged by attorneys of

5

record in this litigation to assist them in the preparation of this litigation,
including independent experts or consultants and their employees retained for
purposes of this litigation, including those previously engaged for the ITC actions
who were able to review confidential information produced therein, who are not
otherwise currently employed by or consultants to any party or a direct competitor
of the Parties in the rubber antidegradant market; (5) up to 3 employees of any
Party who are providing assistance to counsel in this litigation to be designated by
the parties in writing prior to such disclosure being made, (or other employees
after designation whose assistance is needed with respect to such documents upon
the agreement of the parties); (6) third parties retained to assist counsel in
copying, imaging and/or coding documents; (7) any pre-production recipient of or
author of the Restricted Information; (8) non-technical jury or trial consultants
retained by outside counsel in this litigation; (9) graphics or design firms retained
by outside counsel for the purpose of preparing demonstratives or other exhibits
for depositions, trial, or other court pleadings, including supporting personnel, and
(10) any person to which the Parties stipulate to in writing or on the record in
court or at deposition,  (collectively, the "Restricted Information Approved
Persons").  Restricted Information Approved Persons having access to Restricted
Information shall not disclose such Information to any person not bound by this
Order.

b.  Access to Attorneys' Eyes Only Information.    Except as may be otherwise
provided by this Order or any amendment thereto (including paragraph 8) or by
further order of the Court, access to Attorneys' Eyes Only Information shall be
limited to:  (1) the Court and its officers and employees; (2) court reporters,
stenographers and/or videographers at depositions, hearings or other proceedings
in this litigation; (3) outside attorneys associated with the law firms that are

6

attorneys of record in this litigation including the secretarial, legal assistants and office staffs of such attorneys; (4) independent experts and consultants engaged by outside counsel to assist them in the preparation of this litigation, including those previously engaged for the ITC actions who were able to review confidential information produced therein, who are not otherwise currently employed by or consultants to any party or a direct competitor of the Parties in the rubber antidegradant market; (5) third parties retained to assist counsel in copying, imaging and/or coding documents, (6) non-technical jury or trial consultants retained by outside counsel in this litigation; (7) graphics or design firms retained by outside counsel for the purpose of preparing demonstratives or other exhibits for depositions, trial, or other court pleadings, including supporting personnel, and (8) any person to which the Parties stipulate to in writing or on the record in court or at deposition (collectively, the "Attorneys' Eyes Only Information Approved Persons"). Attorneys' Eyes Only Information Approved Persons having access to Attorneys' Eyes Only Information shall not disclose such Information to any person not bound by this Order.

9.    All Confidential Information disclosed pursuant to this Order shall be used only for the preparation and conduct of the proceedings before the court in which this litigation and the ITC actions are pending and for no other non-litigation purpose, or in the U.S. International Trade Commission. No Party and no person granted access to Confidential Information under this Order shall disclose Confidential Information, directly or indirectly, or any Information therefrom, except as provided in this Order, or as otherwise required by law, including regulatory reporting requirements or subpoena. (If Confidential Information is sought by subpoena, the subpoenaed party shall provide prior written notice to the Designating Party at least five court days before producing any Confidential

7

Information in response to the subpoena; the Designating Party will bear the burden of objecting to or seeking an order quashing or otherwise limiting the subpoena.) Notwithstanding the foregoing, this Order does not restrict the right of the Designating Party to make such use or disclosure of its own documents or material which have been designated as Confidential Information as it otherwise is entitled to make.

10. Materials previously-marked "Confidential Information" in the ITC Actions. In the ITC actions, the Parties designated certain matter as "Confidential" (see March 25, 2005 protective order in Inv. No. 337-7A-533, and July 9, 2008 protective order in Inv. No. 337-TA-652("ITC Protective Orders"). Pursuant to paragraph 5 of the ITC Protective Orders, except for matter produced by third parties, matter designated "Confidential" may be used by the parties in this matter as if they were produced in this case. All documents designated "Confidential" in the ITC proceeding shall be deemed "Attorneys' Eyes Only" as the term is used at paragraphs 2 through 4 above.

11. Materials previously-marked "Confidential" in this action. In this action, the parties have produced and/or attached to briefs documents designated "Confidential Business Information" and/or "Confidential." All documents so designated shall be treated, after the date of this order, as "Attorneys' Eyes Only" as the term is used at paragraphs 2 through 4 above, unless otherwise indicated by the Designating Party in writing. If a Receiving Party believes that any such documents should be labeled "Restricted," or should otherwise not be subject to this Protective Order, the Receiving Party shall promptly notify counsel for the Designating Party. The Parties shall then meet and confer to discuss the objections. If no informal resolution can be reached within 7 days of the

notification, or at a time agreed upon by the parties, the Receiving Party may bring the matter to the Court's attention for resolution.

12. Attorneys of record for the parties shall exercise reasonable care to ensure that when Confidential Information is used for the purposes permitted under the Order, the circumstances of such use do not reveal the content of the Confidential Information to any unauthorized person. Any Restricted Information Approved Person or Attorneys' Eyes Only Information Approved Person (collectively "Approved Person") , other than the Court and its officers and attorneys of record for the parties and their staff, having access to Confidential Information shall be informed of the Order by counsel permitting such access and shall agree to be bound thereto, and shall execute a declaration of compliance, in the form annexed hereto as Appendix A, prior to having such access. Approved Persons having access to Confidential Information shall not disclose such Information to any person not bound by this Order.

13. <u>Disclosure to Experts and Witnesses.</u>

a. Any Party seeking to disclose Confidential Information to any witness, including an Approved Person, at a deposition, hearing or other proceeding in this litigation, shall inform such witness of this Order. The witness shall agree in writing to be bound by the terms of this Order by executing a copy of Appendix A (which shall be maintained by the attorneys of record for the Party seeking to reveal the Confidential Information to the witness) in advance of being shown the Confidential Information. The parties (and their counsel) shall request all witnesses to whom they seek to show Confidential Information to execute a copy of Appendix A. Neither the parties nor their counsel shall discourage any witness from signing a copy of Appendix A. However, if a witness refuses to execute a

copy of Appendix A, Confidential Information shall not be disclosed to such witness.  Notwithstanding the foregoing, the Parties shall be allowed to disclose Confidential Information to a witness at a deposition only when that witness is any of the following: (a) an author of the Confidential Information or was otherwise involved in its creation; (b) where the Confidential Information or other evidence indicates that the witness was a recipient of the Confidential Information; or (c) a corporate representative testifying about topics including the Confidential Information.

b.  Any party seeking to disclose Confidential Information to any expert (whether a consulting or testifying expert) shall first give notice of the intent to employ such person as an expert and shall provide the Disclosing Party with the proposed expert's employment history, a list of cases in which the expert has testified in the last 4 years, and a list of the expert's publications in the last 10 years.  The Disclosing party shall have ten (10) calendar days in which to object to the disclosure of Confidential Information to such proposed expert, which objections shall be made only in good faith.  In the event an objection is made, Confidential Information may not be disclosed to such expert, without an express order from this Court. This notice requirement shall not apply to experts or consultants previously approved to see confidential information in at least one of the ITC Actions, provided there has been no material change in employment of the expert or consultant.

14.  Any deposition testimony may be classified as Confidential Information by indicating on the record at the deposition, or within thirty (30) business days after receipt of the transcript of such deposition, that the examination or testimony discloses Confidential Information under the terms of this Stipulation and Order. The portions of the original deposition transcript, exhibits, and all copies of

exhibits thereto that contain material so designated shall be prominently marked with the appropriate designation on the cover thereof.

15. All Confidential Information filed or lodged with the Court shall be filed under seal in accordance with the Local Rule 5.2.

16. <u>Use of Confidential Information at Trial or in a Hearing</u>. During the ITC actions, confidential information was used at hearings, but only in a closed courtroom. In this action, testimony or information provided at a conference, hearing or trial may be designated as Restricted or Attorneys' Eyes Only by making a statement to that effect on the record. Alternatively, if no such statement or designation is made, a party or third party may designate the transcript as confidential within five (5) business days of such conference, hearing or trial. The parties shall treat all such transcripts as Attorneys' Eyes Only Information until such five (5) day time period expires or until written notice of designation is received, whichever comes first. Prior to trial, no later than 5 days after the submission of the final exhibit list to the Court (as part of the pretrial order), any producing party may request that a redacted version of such exhibit be used at trial. Such party shall submit a proposed redacted version such exhibit. After receiving the redacted version of such exhibit, any receiving party may object to the use of the redacted version within 7 calendar days. Following such objection, counsel shall confer in good faith to resolve any differences. If counsel cannot resolve their differences, the proposed redacted exhibits shall be submitted to the court for ruling, along with a joint statement of the parties setting forth the issues in dispute with respect to each such document. In order to avoid disclosing trade secrets, and upon motion by any party, the Court may seal the courtroom during portions of testimony relating to documents that include such trade secrets, and may order all representatives of the parties who are not authorized to have access to

11

Confidential Information to leave the courtroom.  The Court instructs the parties to cooperate to redact from exhibits to be used at trial any confidential information or trade secrets to minimize disruptions that may be caused by motions to seal the courtroom

17. Any Party may at any time notify the other Parties hereto in writing or upon the record of the deposition of its objection that a portion or all of the Information previously designated as Confidential Information is not entitled to such protection under the terms of this Order.  The Parties shall first attempt, in good faith, to resolve such dispute by means of informal negotiation.  If such negotiation fails to resolve the dispute, then, within seven (7) calendar days following the failure of such negotiations, or in the case of a deposition, within seven (7) calendar days after receiving a copy of the transcript excerpt wherein the objection was made, or at later date agreed to by the parties, the non-designating party shall bring the matter to the Court's attention for resolution. Information designated as Confidential Information shall retain its Confidential Information status until such time as either the parties expressly agree otherwise in writing or the Court orders otherwise.

18. All Confidential Information produced pursuant to this Order shall be maintained in a secure manner with all reasonable measures being taken by the Party with custody of such Confidential Information to ensure the protection of such Information in accordance with the terms of this Order.

19. If a Party to this Order (or its counsel) becomes aware that disclosure of Confidential Information has been made to a person other than an Approved Person, such Party (or its counsel) shall immediately inform counsel for the Party whose Confidential Information has thus been disclosed in writing of all relevant

Information concerning the nature and circumstances of such disclosure, and shall promptly take all reasonable measures to prevent further or greater unauthorized disclosure of the Confidential Information.

20.  If Information subject to a claim of attorney-client privilege or work product is inadvertently disclosed or produced to another Party, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege or work product to which the disclosing Party or other person would otherwise be entitled.  If a claim of inadvertent disclosure is made, pursuant to this paragraph, with respect to Information then in the custody of another Party, such Party shall promptly return to the claiming Party or person that material as to which the claim of inadvertent disclosure has been made.  The Party returning such material may then move the Court for an order compelling production of the material.  Such Information may not be used or disclosed unless it is first adjudicated non-privileged.

21.  Upon final termination of this litigation, counsel for each Party shall inform opposing counsel within sixty (60) calendar days as to the desired disposition of Confidential Information in the possession of the other Party and/or its counsel. The Confidential Information, except for that incorporated in pleadings, deposition transcripts designated as Confidential Information, and the work product of counsel for parties to this litigation, shall either be assembled and returned to the Designating Party or destroyed, according to the desires of the Designating Party, within sixty (60) calendar days of a request by the Designating Party to the Party to whom the Information was produced.  Lead counsel of other Party to whom the Information was produced shall within that period certify compliance with this provision (assuming the other party has timely provided notice of its desired disposition of Confidential Information).  Confidential

Information incorporated into the work product of counsel for the Party receiving such Confidential Information shall be destroyed within sixty (60) days of the final termination of this litigation.

22.    This Order shall be without prejudice to the right of any Party to challenge the propriety of discovery on other grounds, and nothing contained herein shall be construed as a waiver of any applicable privilege or any objection that might be raised as to the admissibility at trial of any evidentiary material.  The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any Party on any motion provided for herein, or in any other proceeding in this litigation, nor shall this Order be taken to constitute a waiver of any Party's right to seek relief from the Court from any or all provisions of this Order.

23.    The Parties reserve all rights to apply to the Court for an order modifying this Order or seeking further protection on this or other issues, and this Order shall not be construed to preclude a Party from applying for or obtaining such further protection.

24.    Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this litigation, and the Court shall retain jurisdiction with respect to this Order following termination of this litigation.

25.    No part of the terms, conditions or limitations imposed by this Order may be modified or terminated except by (a) written stipulation indicating an intent to modify the Order that is executed by counsel of record for each Party hereto or (b) further order of the Court.

26.     Any third party upon whom the Parties serve a subpoena requesting documents or other Information in this litigation may avail themselves of this Order by signing the attached Declaration of Compliance.

27.     The restrictions set forth in this Order will not apply to any information which a receiving party can show was received by it whether before or after the disclosure, from a source who obtained such information lawfully and under no obligation of confidentiality to the producing party.

**IT IS SO ORDERED**.

Dated: July 21, 2009                       _____
                                                       **HONORABLE SARA LIOI**
                                                       **UNITED STATES DISTRICT JUDGE**

Respectfully submitted,

July 15, 2009

/s/ John C. Fairweather
John C. Fairweather (0018216)
jfairweather@brouse.com
Amanda M. Leffler (0075467)
aleffler@brouse.com
Lisa S. DelGrosso (0064938)
ldelgrosso@brouse.com
Brouse McDowell
388 S. Main Street, Suite 500
Akron, OH  44311-4407
Tel:  (330) 535-5711
Fax:  (330) 253-8601

Robert M. Masters
robertmasters@paulhastings.com
Elizabeth M. Roesel
elizabethroesel@paulhastings.com
Terrance J. Wikberg
terrywikberg@paulhastings.com
Timothy P. Cremen
timothycremen@paulhastings.com
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington D.C.  20005
Tel.:  (202) 551-1700
Fax:  (202) 551-1705

James B. Coughlan
jamescoughlan@paulhastings.com
Paul, Hastings, Janofsky & Walker LLP
191 North Wacker Drive, 30th Floor
Chicago, IL  60606
Tel:  (312) 499-6000
Fax:  (312) 499-6100

*Attorneys for Flexsys America, LP*

July 15, 2009

  /s/ Robert J. Hanna (via e-mail approval)
Robert J. Hanna (0037230)
robert.hanna@tuckerellis.com
Benjamin C. Sassé (0072856)
benjamin.sasse@tuckerellis.com
Tucker Ellis & West LLP
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH  44155-1475
Tel: (216) 696-5000
Fax: (216) 529-5009

Guy C. Chambers
gwc@townsend.com
Maureen A. Sheehy
masheehy@townsend.com
Mark T. Jansen
mtjansen@townsend.com
David B. Perry
dbperry@townsend.com
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA  94111
Tel: (415) 576.02000
Fax: (415 576-0300

*Attorneys for Kumho Tire U.S.A., Inc.,
Kuhmo Tire Co. Inc., and Korea Kumho
Petrochemical Co., Ltd.*

July 15, 2009

  /s/ Marcia H. Sundeen (via e-mail
approval)
Mark J. Skakun, III (0023475)
mskakun@bdblaw.com
Philip R. Wiese (0067058)
pwiese@bdblaw.com
BUCKINGHAM DOOLITTLE &
BURROUGHS, LLP
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
Phone:  (330) 376-5300
Fax:  (330) 258-6559

17

Marcia H. Sundeen
msundeen@kenyon.com
Michael M. Shen
mshen@kenyon.com
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, D.C. 20005-1257
Tel: (202) 220-4200
Fax: (202) 220-4201

Stanton T. Lawrence, III
stan.lawrence@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC  20005
Tel: (202) 736-8000
Fax: (202) 736-8711

Manni Li
mli@perkinscoie.com
PERKINS COIE LLP
1620 26th Street
Sixth Floor, South Tower
Santa Monica, CA  90404
Tel: (310) 788-9900
Fax: (310) 843-1255

*Attorneys for Sinorgchem Co.*

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of July, 2009, a copy of the foregoing was filed via

the Court's electronic filing system.  Notice of filing will be performed by the Court's electronic

filing system.  Parties may access the document through the electronic filing system.


                                                  /s/ John C. Fairweather
                                                  John C. Fairweather (0018216)
                                                  Lisa S. Del Grosso (0064938)
                                                  Amanda M. Leffler (0075467)

# APPENDIX A

I, _____, acknowledge that I have read the

Amended Protective Order issued by the Honorable Judge Lioi in *Flexsys Americas L.P.*

*v. Kumho Tire U.S.A., Inc., et al.,* No. 5:05-CV-156, (the "Amended Protective Order"),

and hereby agree to be bound by the terms of the Amended Protective Order.

Signed        _____

Dated         _____

Firm or Affiliation

_____

_____

[662704]