UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FLEXSYS AMERICA LP, | ) | CASE NO.  5:05CV156 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| KUMHO TIRE U.S.A., INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court upon the motion of Flexsys America LP ("Flexsys") to seal portions of the Court's July 6, 2010 Memorandum Opinion (Doc. Nos. 343, 351) ruling on the summary judgment motions of Defendants Kumho Tire USA, Inc., Kumho Tire Co., Inc., and Korea Kumho Petrochemical Co., Ltd. ("KKPC") (collectively "Kumho"), and Defendants Sinorgchem Co., Shandong Sinorgchem International Chemical Industry Co., Ltd., Sinorgchem Co., Tai'an, Tongling Xinda Chemical Co., Ltd., Anhui Sinorgchem Technology Co., Ltd., and Jiangsu Sinorgchem Technology Co., Ltd. (collectively "Sinorgchem").[1] For the reasons set forth below, the motion to seal is **GRANTED IN PART**.

---

[1] Sinorgchem first moved orally during a telephonic status conference to seal the Memorandum Opinion. The Court then permitted the parties to file letters in support of their respective positions on the subject of sealing. Due to the sense of urgency in Sinorgchem's request, the Court shall treat Sinorgchem's letter as its motion to seal, and shall treat Flexsys's letter as its brief in opposition. Both letters shall be filed under seal.

**Background**

The details surrounding this patent infringement action have been set forth in numerous Memorandum Opinions and Orders, familiarity with is presumed. For purposes of framing the present motion, it is sufficient to state that Flexsys brought the present litigation to enforce two patents relating to the production of a chemical used as an antidegradent in automobile tires. In light of the fact that discovery in this case was to involve highly confidential proprietary information, the parties entered into, and the Court approved, a stipulated protective order to govern the treatment of evidence uncovered during discovery in this action. (Doc. No. 99.) On July 15, 2009, the parties filed an amended stipulated protective order, which the Court also approved. (Doc. No. 204.)

The protective order, as amended, provided for the designation of evidence containing proprietary information or trade secrets as either "restricted" or "attorney's eyes only," collectively referred to as "confidential information," with the "attorney's eyes only" designation reserved for highly sensitive documents. All "confidential information" was to be filed with the Court under seal in accordance with L.R. 5.2. Nothing in the original protective order, or the subsequent amended order, placed any restrictions on the Court's reference to confidential information in any Opinion or Order.

On July 6, 2010, the Court filed a Memorandum Opinion and Judgment Entry (Doc. Nos. 343 and 344, respectively), which disposed of all claims brought by Flexsys against Sinorgchem and Kumho. While the Court took care to avoid including

highly sensitive information in the body of the Memorandum Opinion, Sinorgchem believes that the Court's Opinion contains reference to proprietary information and trade secrets.[2] In its motion to seal, Sinorgchem seeks to have the Court seal portions of its Memorandum Opinion,[3] and has submitted a proposed redacted Memorandum Opinion. Neither Kumho, nor Sovereign, objects to the redactions proposed by Sinorgchem, but Flexsys has filed an opposition.

**Analysis**

As an initial matter, the Court observes that the present motion to seal is governed by regional circuit law, inasmuch as the sealing of a record is a procedural matter not unique to patent law. *See, e.g., Level 3 Communications, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 575 (E.D. Va. 2009) (applying Fourth Circuit law to motion to seal in a patent case brought in the Eastern District of Virginia). *See generally, Ultimate Cement Mfg, Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1354 (Fed. Cir. 2009) (the Federal Circuit applies "regional circuit law to a trial court's procedural decisions that relate to issues not unique to [the Federal Circuit's] exclusive jurisdiction […]"). As such, the Court looks to Sixth Circuit precedent to resolve the pending motion.

The public has both "a constitutional and a common law presumptive right of access to civil proceedings and judicial records." *In re Southeastern Milk Antitrust*

---

[2] The Court notes that its efforts in this regard were hampered by the fact that the parties have severely overused the privilege of designating certain materials as confidential. Indeed, all of the documents offered in support of and in opposition to summary judgment, as well as the motions and briefs, themselves, were filed under seal.

[3] In its July 6, 2010 Memorandum Opinion, the Court inadvertently indicated that the case was dismissed. Inasmuch as several counter and cross claims remained following the Court's ruling on summary judgment, the Court filed a Memorandum Opinion nunc pro tunc to reflect the fact that the case remains open. (Doc. No. 351.) Sinorgchem moves to seal both the original and revised Opinions.

*Litigation*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009) (citing *Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This right is not, however, absolute. *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. In fact, each court has "supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

In *Brown & Williamson Tobacco Corp.*, the Sixth Circuit enumerated several instances when the public's right to access may need to yield to counterveiling considerations: a criminal defendant's right to a fair trial, privacy rights of parties to an action, trade secrets, and national security. *Id.* (citing *Nixon*, 435 U.S. at 598). Notwithstanding these exceptions to the general rule favoring access, "only the most compelling reasons can justify the non-disclosure of judicial records." *Gookin v. Altus Capital Partners' Inc.*, 2006 U.S. Dist. LEXIS 97939, at *6-*7 (E.D. Ky. Mar. 23, 2006) (citing *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179).

The presumption in favor of public access is especially strong when the document sought to be sealed is an Opinion of the court. *Bijan Designer for Men v. Katzman*, 1997 U.S. Dist. LEXIS 1190 (S.D.N.Y. Feb. 5, 1997). "Nothing has more relevance to the adjudication of [the] case: the Opinion discloses the Court's reasons for [resolving the matter before it in the manner that it did]." *Id.* at *3 (citing *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). *See PepsiCo, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) ("Opinions are not the litigant's property. They belong to the public, which underwrites the judicial system that produces them.")

Sinorgchem relies on its right to protect trade secrets and/or the competitive sensitivity of the information cited in the Memorandum Opinion. It suggests that it would be seriously disadvantaged in the industry if the details surrounding the science and technology behind its process were made known to the public.

The language of the Memorandum Opinion Sinorgchem seeks to exclude relates to background information involving its process for producing 4-ADPA and 6PPD. Sinorgchem has sought a patent for this process, and most, if not all, of the information Sinorgchem wishes to protect is contained, in one form or another, in its U.S. patent application, U.S. 2009/0048465. Because this information is already part of the public record, Sinorgchem cannot have a reasonable expectation of privacy in this information. Moreover, by filing a patent application, Sinorgchem has already insured that any proprietary interest it may have in this information will be protected.

Nonetheless, the Court also finds that the public's interest in this information is limited inasmuch as it is not necessary for an understanding of the Court's ruling on summary judgment. *See Walsh Sec, Inc. v. Cristo Prop. Mgmt., Ltd.*, 2010 U.S. Dist. LEXIS 66399, at *7 (D.N.J. June 30, 2010) (public's limited interest in a private settlement agreement was outweighed by the parties' interest in keeping the terms of the agreement private). *See, e.g., Mars, Inc. v. JCM Am. Corp.*, 2007 U.S. Dist. LEXIS 9819 (D.N.J. Feb. 13, 2007) (granting motion to seal records in patent case to protect confidential information); *Pulse Med. Instruments, Inc. v. Drug Impairment Detection Servs.*, 2009 U.S. Dist. LEXIS 55571 (D. Md. Mar. 20, 2009) (same). As such, the Court is not opposed to removing reference to this arguably proprietary information.

The Court is not, however, inclined to accept Sinorgchem's invitation to merely redact the information from the Memorandum Opinion. Sealing all, or even portions, of a court's Opinion threatens the Court's integrity. As the Court in *Jones v. IBM Corp.*, 361 F. Supp. 2d 184, 193 (S.D.N.Y. 2005), so aptly observed:

> Government functions at its best in the broad sunlight. Openness in government is a fundamental requirement for a just democratic society. So it is in the Courts. Openness and transparency preclude the suspicion of inculpatory content or conduct, which may easily arise when court documents are protected from public scrutiny. If court decisions are regularly issued in public format, and thereafter sealed and suppressed, corruption, favoritism, and abuse of power must follow, and mischief is made easy.

Instead, the Court shall revise the Memorandum Opinion to make only indirect reference, wherever possible, to the background information Sinorgchem wishes to protect.[4] Under this approach, any interest Sinorgchem may have in keeping this information private is protected, while the public's interest in access to the judicial system is preserved. *See, e.g., Pepsico*, 46 F.3d at 31 ("[T]he traditional way for judges to accommodate the legitimate competing interests is to keep the secrets themselves under seal, referring to them only indirectly in the opinion."). Furthermore, the revisions shall not, in any way, change the substance of the Court's ruling on summary judgment.

For all of the foregoing reasons, the Court **GRANTS IN PART** Sinorgchem's motion to seal portions of the Court's summary judgment ruling. The Court's July 6, 2010 Memorandum Opinion (Doc. No. 343), and its July 12, 2010 amended Memorandum Opinion (Doc. No. 351), shall be sealed. Contemporaneously

---

[4] Sinorgchem is advised that it was not possible to accommodate all of its requests and preserve the essence of the Court's ruling. Therefore, some of the contested language remains.

with this Opinion and Order, the Court shall file a second amended Memorandum Opinion, which shall contain, wherever possible, only indirect reference to the contested information, and will be available to the public for review.

**IT IS SO ORDERED**.

Dated: July 15, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**